FILED 08 AUG 13 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3911
Facsimile: (415) 554-3837
E-Mail: meredith.osborn@sfgov.org

E-filing

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

BZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES GILLIS, ANTHONY LAWRENCE and JOSEPH HALL,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082, F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839, TERRY, #1525, AND DOES 1 TO 100,

Defendants.

CV Case No. 08 3871

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO OF UNVERIFIED FIRST AMENDED COMPLAINT OF PLAINTIFFS CHARLES GILLIS, ANTHONY LAWRENCE, AND JOSEPH HALL; DEMAND FOR JURY TRIAL [28 U.S.C. § 1441(a); F.R.C.P. 38(b)]**

Date Action Filed: July 25, 2008
Trial Date: Not set

**TO: THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant City and County of San Francisco, hereby removes to this Court the state court action described below.

1. On or about July 25, 2008, plaintiffs CHARLES GILLIS, ANTHONY LAWRENCE, and JOSEPH HALL, filed a Complaint in the Superior Court of the State of California in and for the County of San Francisco, entitled *Charles Gillis, Anthony Lawrence and Joseph Hall v. CCSF, et al.*,

Superior Court Case No. 08-477921. Attached hereto as Exhibit A is the Superior Court Register of Actions reflecting the filing of the complaint.

2. The City is informed and believe that the first date upon which any defendant named in this action received a copy of the Complaint was July 29, 2008, when plaintiffs served the City and County of San Francisco with a copy of the Complaint and summons. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint, which constitutes all of the process, pleadings and orders that have been received by the defendant in this case, are attached hereto as Exhibit B. Defendants were not served with any corresponding notices or any other state court documents, including the original complaint.

3. The Complaint purports to state federal causes of action arising under 42 U.S.C. § 1983 (for violation of Plaintiffs' federal constitutional rights) and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

4. This action is therefore a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the federal civil rights laws.

5. There are no named defendants other than the City and County of San Francisco, and City employees.

6. Defendant is informed and believes that the City and County of San Francisco and Heather Fong (in her official capacity) are the only defendants that have been served the Summons and Complaint in the pending action. Attached hereto as Exhibit C are copies of the documents defendants have filed in the State Court Case, including: 1) Answer Of Defendant City And County Of San Francisco and Heather Fong (in her official capacity) To Plaintiffs' Complaint; 2) Demand For Trial By Jury; and 3) Objection To Court Commissioner Acting As Judge Pro-Tempore At Trial Pursuant To San Francisco Superior Court Local Rule 6.1(c).

**DEMAND FOR JURY TRIAL**

Defendant City and County of San Francisco demands a trial by jury in this action.

DATED: August 12, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: [signature]
MEREDITH B. OSBORN
Deputy City Attorney

Attorneys for Defendant City and County of San Francisco

NOTICE OF REMOVAL; DEM FOR JURY TRIAL
INSERT CASE NO. C08-
3
n:\lit\li2008\090143\00501406.doc

**Superior Court of California, County of San Francisco**

Case Number: CGC-08-477921

Title: CHARLES GILLIS et al VS. CITY AND COUNTY OF SAN FRANCISCO et al

Cause of Action: CIVIL RIGHTS

Generated: Aug-13-2008 9:12 am PST

Register of Actions Parties Attorneys Calendar Payments Documents

# Register of Actions

Date Range: First Date Jul-25-2008 Last Date Aug-13-2008 (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ALL FILING TYPES Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| AUG-12-2008 | ANSWER TO COMPLAINT FILED BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO FONG, HEATHER | View | EXEMPT |
| AUG-12-2008 | DEMAND FOR JURY FILED BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO | | |
| AUG-12-2008 | OBJECTION TO HEARING BY COMMISSIONER/PRO TEM ACTING AS JUDGE FILED BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO | | |
| JUL-30-2008 | INVALID/RETURNED CHECK FOR TRANSACTION W3208725F030 FOR CIVIL COMPLAINT/PETITION/OTHER FIRST PAPER | View | |
| JUL-25-2008 | NOTICE TO PLAINTIFF | View | |
| JUL-25-2008 | CIVIL RIGHTS, COMPLAINT FILED BY PLAINTIFF GILLIS, CHARLES LAWRENCE, ANTHONY HALL, JOSEPH AS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO FONG, HEATHER THOMAS, LEROY WONG, PHILLIP CONTRERAS, #1082 WONG, F (#1945) WONG, #416 WILSON, #2032 FRAZIER, #1839 TERRY, #1525 DOES 1 TO 100 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC-26-2008 PROOF OF SERVICE DUE ON SEP-23-2008 CASE MANAGEMENT STATEMENT DUE ON DEC-11-2008 | View | 335.00 |

SUM-100

08-01867
08-01868
08-01869

SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED
MAYOR'S OFFICE
08 JUL 29 AM 11:45

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
(see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTA DEMANDANDO EL DEMANDANTE):***
Charles Gillis, Anthony Lawrence and Joseph Hall

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State Of California
City and County of San Francisco
400 McAllister Street, Room 103, S.F., CA

CASE NUMBER: *(Número del Caso):* CGC-08-477921

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory M. Haynes, Esq. SB# 111574
2443 Fillmore, #194, S.F., CA 94115
(415) 546-0777

DATE: *(Fecha)* JUL 25 2008 Gordon Park-Li Clerk, by *(Secretario)* P. NATT, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* TM

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Attachment

City and County of San Francisco;
Heather Fong, Leroy Thomas; Phillip Wong;
Contreras, #1082; F. Wong, # 1945; Wong, # 416;
Wilson, #2032; Frazier, # 1839; Terry, # 1525;
and Does 1 to 100

    Defendants

Gregory M. Haynes, Esq.
SBN: 111574
2443 Fillmore, #194
San Francisco, CA 94115
(415) 546-0777

Attorney for Plaintiffs
Charles Gillis, Anthony Lawrence
and Joseph Hall

ENDORSED
FILED
San Francisco County Superior Court

JUL 25 2008

GORDON PARK-LI, Clerk
BY: Deputy Clerk
P. NATT

SUPERIOR COURT OF THE STATE OF CALIFONIRA
CITY AND COUNTY OF SAN FRANCISCO

Charles Gillis, Anthony Lawrence and Joseph Hall,
Plaintiffs,

v.

City and County of San Francisco; Heather Fong, Leroy Thomas; Phillip Wong; Contreras, #1082; F. Wong, # 1945; Wong, # 416; Wilson #2032; Frazier, # 1839; Terry, # 152 and Does 1 to 100

Defendants
______________________________/

Action No. CGC-08-477921
Violation of 42 Section 1983: Search and Seizure; Equal Treatment Supervisory Liability; Monell Liability; Battery; False Arrest/ Imprisonment; Intentional and Negligent Infliction of Emotional Distress; Violation of Sections 51-52.1 of the Civil Code; Injunctive and Declaratory Relief

CASE MANAGEMENT CONFERENCE SET

DEC 26 2008 -9:00 AM

DEPARTMENT 212

I

Plaintiffs in this matter are Charles Gillis, Anthony Lawrence, and Joseph Hall who complains of defendants and each of them as follows:

II

Defendants Leroy Thomas; Phillip Wong ; Contreras, #1082, Frazier, #1839; Wong, # 416; F. Wong, # 1945; Wilson, # 2032 and Terry, #1525 were all employees of the City and County of San Francisco and were police officers at all times herein mentioned and were acting under color of law.

Defendant Heather Fong was the Chief of Police of the City and County of San Francisco, an employee of the City and County of San Francisco and was acting under color of law at all times herein mentioned.

Plaintiff is unaware of the true names of does 1 to 100 and therefore sues such person by such fictitious names. Upon learning the true names of such persons, plaintiff will so name such defendants.

Each of the defendants was acting as the agent for the other.

Defendant City and County of San Francisco is a public entity.

Plaintiffs have complied with the claims statute.

III

On or about July 27, 2007 plaintiffs, African American males, were in a parked car. Defendants, including defendants does 1 to 10, unreasonably approached and detained the vehicle of plaintiffs at gun point and required plaintiffs to exist the vehicle which was searched, including the passengers, containers in the vehicle and the trunk, and ultimately seized the vehicle, with the other officers and defendants either coordinating, supporting , or otherwise assisting said defendants. Defendants required plaintiffs to lie on the ground.

While plaintiffs were being unreasonably detained, another African

American was detained nearby by defendant officers, all working together.

Plaintiffs were detained while defendant police officers obtained witness statements and transported the witnesses to the location of the detention of the plaintiffs.

Two of the witnesses alleged they had been robbed earlier by three African American males who fled on foot approximately a few blocks from where the plaintiffs were parked. The victims alleged they were robbed at gun point of approximately $20.00 dollars, a lunch cooler, a brown purse, a credit card and other items in the purse.

A search of plaintiffs' vehicle, including the trunk, as well as the plaintiffs did not produce any of the items allegedly taken. However, plaintiff Gillis had approximately $1000.00 in cash. No contraband was found in the car or on the plaintiffs.

The defendants continued to unreasonably detain the plaintiffs and the witnesses were brought to the scene to attempt identify the plaintiffs. Based on the identification or lack thereof and on other information, including but not limited to the lack of any of the stolen items, the lack of any weapons, the lack of a match of description of the persons who robbed the witnesses and the witnesses stated inability to identify the suspects, the knowledge that the stolen credit cards of at least one of the witnesses were being used by others as plaintiffs were being detained , the plaintiffs were unreasonably transported to a police station and their detention continued.

At the police station, plaintiffs were handcuffed to the bench. Plaintiffs Gillis and Hall were interviewed and the interviewed was unreasonable, and the detention based on the additional information continued to be unreasonable. Plaintiff Lawrence, after being detained at the police station

was released. Plaintiff Gillis and Hall were then transferred to 850 Bryant and detained in custody.

Plaintiff Gillis and Hall were further interviewed at 580 Bryant Street and their detention continued.

The district attorney did not filed charges and the plaintiffs Gillis and Hall were released.

Plaintiffs were unreasonably seized and searched on account of race.

## IV
## First Cause of Action
## Constitutional Violations
## Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs I to III.

As a result of the unlawful conduct of the defendant officers--including but not limited to Leroy Thomas; Phillip Wong ; Contreras, #1082, Frazier, #1839; Wong, # 416; F. Wong, # 1945; Wilson, # 2032 and Terry, #1525 -- and does 1 to 20, plaintiffs' constitutional and federal rights were violated, including but not limited to unreasonable search and seizure and race discrimination under the 4th and 14th amendments to the United States Constitution and Section 1983 of Title 42 of the United State Code. The conduct of defendants includes but is not limited to that set forth above. Further, some of the above officers were supervisors or had supervisor authority.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

V
Second Cause of Action
SUPERVISOR LIABLITY
Constitutional Violations
Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs 1 to III.

Heather Fong is the Chief of police. As a result of her, as well as other defendants', failure to supervise, train, and implement policies and otherwise properly supervise defendants, the plaintiffs were unreasonably detained and searched, all in violation of plaintiffs' constitutional and federal rights, including but not limited to unreasonable search and seizure and race discrimination under the 4th and 14th Amendments to the United States Constitution and Section 1983 of Title 42 of the United State Code.

Further, there were no policies or procedures or inadequacy policies and procedures to prevent the unreasonably detention and search of the plaintiffs herein.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

VI
Third Cause of Action
Monell liability
Constitutional Violations
Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs I to III.

Defendant City and County of San Francisco has a policy, practice or custom of unreasonably seizing, detaining, arresting and searching person and persons of color.

As a result of such unlawful and unreasonable conduct, plaintiffs' constitutional and federal rights, all in violation of Section 1983 of Title 42 of the United States Code as well as the 4th and 14th Amendments to the United States Constitution.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

VI

Fourth Cause of Action: Negligent Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to III.

The conduct of the defendants and each of them was unreasonable and negligent.

Such conduct includes but is not limited seizing and searching plaintiffs unreasonably and continuing to detain them unreasonably after the initial detention, including transporting them back to the police substation where plaintiff Lawrence was released after some time at the substation and plaintiffs Hall and Gillis were not, unreasonably interviewing plaintiffs, and unreasonably investigating the incident.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.

VII

Fifth Cause of Action: Intentional Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to III.

The conduct of the defendants and each of them was unreasonable.

Such conduct includes but is not limited seizing and searching plaintiffs unreasonably and continuing to detain them unreasonably after the initial detention, including transporting them back to the police substation where plaintiff Lawrence was released after some time at the substation and plaintiffs Hall and Gillis were not, unreasonably interviewing plaintiffs, and investigating the incident.

Defendants conduct was outrageous and intentional or in reckless disregard of the probability of causing harm.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.

## VIII
## Sixth Cause of Action:
## False Arrest/False Imprisonment

Plaintiffs incorporate the allegations of paragraphs I to III.

The defendants' detention and arrest of plaintiffs was unreasonably. The detention and arrest was both unreasonably and without reasonable suspicion and without probable cause.

Such detention and arrest was unreasonable and in reckless disregard for the rights of the plaintiffs.

As a result of such unlawful and unreasonable conduct, plaintiffs suffered damages all according to proof at trial.

## XI
## Seventh Cause of Action:
## Excessive Force/Battery

Plaintiffs reallege the allegations set forth in paragraphs I to III.

Defendants used excessive and unreasonably force upon the plaintiffs,

including but not limited to stopping them at gun point, including drawn shotguns, and having them exit the vehicle and lay down.

As a result of such conduct, plaintiffs suffered damages all according to proof at trial.

X
Eighth Cause of Action:
Violation of Section 51.7 and 52(b)
Of the Civil Code

Plaintiffs incorporate the allegations of paragraphs I to III.

Defendants violated the state and federal rights of the plaintiff, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to the right to be free from excessive force and reasonable seizures and searches and discrimination based on race.

As a result of such conduct, plaintiffs suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

XI
Ninth Cause of Action:
Violation of Section 52.1
Of the Civil Code

Plaintiffs incorporate the allegations of paragraphs I to III.

Defendants violated the state and federal rights of the plaintiff, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through

the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to, the right to be free from excessive force and reasonable seizures and searches, discrimination based on race.

As a result of such conduct, plaintiffs suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

## XII
## Tenth Cause of Action:
## Negligence:

Plaintiffs incorporate the allegations of paragraphs I to III.

Defendant City and County of San Francisco, including their employees, and defendant arresting and detaining officers were negligent.

As a result of such conduct and negligence, plaintiffs suffered damages all according to proof.

## XIII
## Eleventh Cause of Action:
## Injunctive Relief

Plaintiffs incorporate the allegations of paragraphs I to III.

Defendant City and County of San Francisco is municipal corporation duly organized under the law of the state of California and is empowered to enforce the state laws within its jurisdiction.

Defendant Police Chief Fong is responsible for the enforcement of the laws within the jurisdiction of the City and County of San Francisco.

Said defendants allow African Americans to be arrested, seized, searched and detained without probable cause and unreasonably, all in violation of the United States Constitution.

Plaintiffs were unreasonably arrested, seized, searched and detained as a result of the unconstitutional practice. Such conduct violates state and federal rights, including but not limited to her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Unless defendants are restrained by injunction to not unreasonably arrest, seize, and search African American without probable cause and unreasonably, plaintiffs will continue to suffer severe, irreparable harm in that plaintiffs may again be unlawfully and unreasonably arrested, seized, searched pursuit to the unconstitutional policy of the City and County of San Francisco.

Plaintiffs have no adequate remedy at law because monetary damages will not afford adequate relief for the unlawful and unconstitutional search and seizure of the plaintiffs and deprivation of constitutional rights.

## XIV
## Twelfth Cause of Action:
## Declaratory Relief

Plaintiffs incorporate the allegations of paragraphs I to III.

An actual controversy has arisen and now exists between plaintiffs and defendants regarding the rights and duties of the defendants as plaintiffs contend that the practices of the defendants are unconstitutional. Said practices include but are not limited to unreasonably searching and seizing African Americans without probable cause and in violation of the 4th and 14th amendments to the United States Constitution.

Plaintiffs desire a declaration as to the unconstitutional practices of the defendants.

WHEREFORE, plaintiffs request that this court award

a. Compensatory damages according to proof at trial.

b. Civil Penalty according to proof at trial.

c. Punitive damages according to proof at trial

d. Injunction and Declaratory Relief according to proof at trial, including preliminary injunctive relief.

e. Costs of suit and attorney fees

f. Such other and further relief as this Court may deem proper

<u>Demand for Jury Trial</u>

Plaintiffs hereby demand a jury trial.

DATED: 7/24/08

Gregory M. Haynes
Attorney for Plaintiffs

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3911
Facsimile: (415) 554-3837
E-Mail: meredith.osborn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND CHIEF HEATHER FONG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CHARLES GILLIS, ANTHONY LAWRENCE and JOSEPH HALL,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082, F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839, TERRY, #1525, AND DOES 1 TO 100,

Defendants.

Case No. CGC-08-477921

**ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY) TO PLAINTIFFS' UNVERIFIED COMPLAINT**

Date Action Filed: July 25, 2008
Trial Date: Not set

Defendants City and County of San Francisco and Chief Heather Fong, (collectively, "defendants") by and through their attorneys of record, hereby answer the complaint filed on or about July 25, 2008 ("complaint"). Defendants deny all allegations of wrongdoing and all allegations giving rise to liability.

Pursuant to section 431.30 of the California Code of Civil Procedure, defendants deny each and every allegation in the complaint.

**SEPARATE AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure To State A Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against these defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent in and about the matters and activities alleged in the complaint; that said negligence contributed to and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs ire entitled to recover damages against these defendants, then defendants pray that the recovery be diminished or extinguished by reason of the negligence of plaintiffs in proportion to the degree of fault attributable to plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

(Contribution)

Defendants allege that the fault of persons other than these defendants contributed to and proximately caused the occurrence; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of California Civil Code sections 1431, 1431.1, 1431.2 and 1431.3, these defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that these defendants' ultimate liability be reduced to the extent of such contribution.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendants allege that the complaint and each and every cause of action therein is barred by the statutes of limitations, including without limitation Government Code section 945.6 and California Code of Civil Procedure section 335.1.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because plaintiffs failed to use reasonable diligence to mitigate their alleged damages, and said failure bars or reduces the recovery, if any, from these answering defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering defendants was not the proximate cause of plaintiffs' alleged injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

Defendants state that plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and defendants are entitled to equitable and statutory indemnity from such third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

(Violation of Penal Code § 834(a))

Defendants allege that plaintiffs were under a duty pursuant to section 834(a) of the California Penal Code to refrain from using force to resist their detention and/or arrest; that plaintiffs breached this duty even though they knew or by the exercise of reasonable care should have known that they were being detained and/or arrested by a police officer; and that as a direct result of plaintiffs' breach of this duty, plaintiffs are barred from recovering any loss or damage they may have incurred.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to State A Claim Under *Monell*)

Defendants allege that the Complaint fails to state a federal civil rights claim against defendants under the doctrine announced in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE**

(Immunity - Barred by Government Claims Act and Penal Code)

To the extent it attempts to state claims under California law, the complaint is barred by the provisions and immunities of the California Government Claims Act, without limitation: Government Code sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835;

835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8; and California Penal Code Sections 148, 409, 834a, 834, 835, 835a, 836, and 849. Under California law, these defendants are liable only pursuant to statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Comply With Claims Requirements—Presentation of All Claims)

Plaintiffs were required to present any and all state claims against the defendants in the form of a timely government claim. To the extent the complaint attempts to state any claims under California law, the complaint fails to state a cause of action and is accordingly barred pursuant to the California Government Code, including but not limited to Government Code sections 905.2, 911.2 and 945.4.

**TWELFTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

By reason of plaintiffs' own acts and omissions, plaintiffs are barred by the equitable doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive relief from defendants by reason of the allegations set forth in plaintiffs' complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

Defendants are immune from liability for exemplary damages herein pursuant to the provisions of section 818 of the California Government Code and federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Violation of Penal Code)

Defendants allege that Plaintiffs violated certain provisions of the California Penal Code, and that Plaintiffs voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating the California Penal Code.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Careless, Reckless, Wanton and Negligent Acts)

At all times mentioned in the complaint, the plaintiffs acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless,

wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Release)

Plaintiffs have released defendants of liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorneys' fees) against plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSES**

(Probable Cause)

Defendants had reasonable and/or probable cause to detain, restrain and/or arrest plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants allege that the action complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S.Ct. 3034 (1984), and related cases.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Self-Defense and Defense of Others)

Defendants allege that if in fact any force was used against plaintiffs, such force was the lawful exercise of the right of self-defense and defense of the public, and any recovery pursuant to said use of force is barred.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiffs take nothing from defendants;
2. That the complaint be dismissed with prejudice;

3. That defendants recover costs of suit herein, including attorneys' fees; and

For such other relief as is just and proper.

DATED: August 12, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: ______________________
MEREDITH B. OSBORN
Deputy City Attorney

Attorneys for Defendant City and County of San Francisco

**PROOF OF SERVICE**

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 12, 2008, I served the following document(s):

**ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY) TO PLAINTIFFS' UNVERIFIED COMPLAINT**

on the following persons at the locations specified:

GREGORY M. HAYNES, ESQ.
2443 Fillmore Street, #194
San Francisco, CA 94115
Tel: (415) 546-0777

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or **☐ will be filed separately with the court.**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or **☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 12, 2008, at San Francisco, California.

Michael K. Lucero
MICHAEL K. LUCERO

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3911
Facsimile: (415) 554-3837
E-Mail: meredith.osborn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082, F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839, TERRY, #1525

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CHARLES GILLIS, ANTHONY LAWRENCE and JOSEPH HALL,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082, F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839, TERRY, #1525, AND DOES 1 TO 100,

Defendants.

Case No. CGC-08-477921

**DEFENDANTS' REQUEST FOR TRIAL BY JURY**

Date Action Filed: July 25, 2008
Trial Date: Not set

Defendant City and County of San Francisco hereby requests a trial by jury in the above-entitled action.

DATED: August 11, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: ______________________
MEREDITH B. OSBORN
Deputy City Attorney

Attorneys for Defendant City and County of San Francisco

# PROOF OF SERVICE

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 12, 2008, I served the following document(s):

**DEFENDANTS' REQUEST FOR TRIAL BY JURY**

on the following persons at the locations specified:

GREGORY M. HAYNES, ESQ.
2443 Fillmore Street, #194
San Francisco, CA 94115
Tel: (415) 546-0777

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or ☐ **will be filed separately with the court.**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or ☐ **will be filed separately with the court**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 12, 2008, at San Francisco, California.

Michael K. Lucero
MICHAEL K. LUCERO

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3911
Facsimile: (415) 554-3837
E-Mail: meredith.osborn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082,
F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839,
TERRY, #1525

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CHARLES GILLIS, ANTHONY LAWRENCE and JOSEPH HALL,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, LEROY THOMAS, PHILLIP WONG, CONTRERAS, #1082, F. WONG, #1945, WONG, #416, WILSON, #2032, FRAZIER, #1839, TERRY, #1525, AND DOES 1 TO 100,

Defendants.

Case No. CGC-08-477921

**DEFENDANTS' OBJECTION TO COURT COMMISSIONER AS JUDGE PRO TEMPORE AT TRIAL, PURSUANT TO LOCAL RULE 6.1(c)**

Date Action Filed: July 25, 2008
Trial Date: Not set

PLEASE TAKE NOTICE that, pursuant to Uniform Local Rule 6, Defendant CITY AND COUNTY OF SAN FRANCISCO ("defendant") hereby objects to a Court Commissioner acting as a Judge Pro Tempore for the purposes of presiding over the trial in the above-captioned case. Although defendant will not stipulate at this time to a Court Commissioner acting as a Judge Pro

Tempore for the purposes of presiding over the trial, defendant reserves the right to consider this option and to enter such a stipulation at a later time.

DATED: August 11, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: ______________________
MEREDITH B. OSBORN
Deputy City Attorney

Attorneys for Defendant City and County of San Francisco

**PROOF OF SERVICE**

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 12, 2008, I served the following document(s):

**DEFENDANTS' OBJECTION TO COURT COMMISSIONER AS JUDGE PRO TEMPORE AT TRIAL, PURSUANT TO LOCAL RULE 6.1(c)**

on the following persons at the locations specified:

GREGORY M. HAYNES, ESQ.
2443 Fillmore Street, #194
San Francisco, CA 94115
Tel: (415) 546-0777

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or ☐ **will be filed separately with the court.**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 12, 2008, at San Francisco, California.

Michael K Lucero
MICHAEL K. LUCERO

**PROOF OF SERVICE**

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 13, 2008, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO OF UNVERIFIED FIRST AMENDED COMPLAINT OF PLAINTIFF WILLIAM SEPATIS; DEMAND FOR JURY TRIAL [28 U.S.C. § 1441(a); F.R.C.P. 38(b)]**

on the following persons at the locations specified:

GREGORY M. HAYNES, ESQ.
2443 Fillmore Street, #194
San Francisco, CA 94115
Tel: (415) 546-0777

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 13, 2008, at San Francisco, California.

[signature]
MICHAEL K. LUCERO