1

2                      UNITED STATES DISTRICT COURT

3               FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                             OAKLAND DIVISION

5

6   CHARLES GILLIS, et al.,                    Case No:  C 08-3871 SBA

7               Plaintiffs,
                                               **ORDER DENYING DEFENDANTS'**
8        vs.                                   **MOTION TO DISMISS FOR FAILURE**
                                               **TO SERVE**
9   CITY AND COUNTY OF SAN FRANCISCO, et
    al.,
10                                             [Docket No. 39]
                Defendants.
11

12

13       Presently before the Court is Defendants' Motion to Dismiss for Failure to Serve (the

14   "motion"). (Docket No. 39.)  Having read and considered the papers filed in connection with this

15   motion and being fully informed, the Court hereby DENIES the motion for the reasons set forth

16   below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.

17   See Fed.R.Civ.P. 78(b).

18   **I.    BACKGROUND**

19       On May 27, 2009, Plaintiffs filed a First Amended Complaint ("FAC") in this matter,

20   naming new defendants Eric O'Neal, Gregory Dare, Francisco Ho, and Juan Gala ("Defendants").

21   (Docket No. 34.) Plaintiffs failed to serve the new named Defendants within 120 days of filing as

22   required by Federal Rule of Civil Procedure 4(m). On September 30, 2009, the new named

23

24   Defendants filed the instant Motion to Dismiss for Failure to Serve. On November 24, 2009,

25   Plaintiffs filed an opposition to the motion, admitting they had failed to comply with Fed.R.Civ.P.

26   4(m), but requesting leave of the Court for additional time to serve the new named Defendants.

27   (Docket No. 46.)

28

On December 1, 2009, after briefing for this motion was completed, Plaintiffs' counsel filed Certificates of Service certifying the new named Defendants had been served with the FAC and Summons. Defendant Dare was served in person on November 26, 2009, 183 days after the filing of the FAC. (Docket No. 48.) Defendants Ho, Gala, and O'Neal were served, after multiple personal delivery attempts, by leaving a copy of the Summons and FAC with individuals in supervisory positions at their respective places of work and mailing copies to the same location.[1] Defendant Ho was served on November 30, 2009, 177 days after the filing of the FAC (Docket No. 49), and Defendants Gala and O'Neal on November 20, 2009, 187 days after the filing of the FAC (Docket Nos. 50, 51).

## II.    LEGAL STANDARD

Fed.R.Civ.P. 4(m) provides in pertinent part that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…

Good cause means, at a minimum, excusable neglect. Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  A plaintiff may also show good cause if he establishes that the party to be served received actual notice, that defendant would suffer no prejudice, and plaintiff would be severely prejudiced if his complaint were dismissed.  Id. (citing Hart v. United States, 817 F.2d 79, 80-81 (9th Cir. 1987)). The Court, in its discretion, may grant an extension even in the absence of good cause.  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (4th Cir. 1995)). The Ninth Circuit has found it unnecessary to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m), noting only that a "court's discretion is broad." Id.

---

[1] The Court notes that pursuant to Fed.R.Civ.P. 4(e)(1), which allows for service to be effected in accordance with the law of the state in which this Court sits, Defendants Ho, Gala, and O'Neal were served in accordance to CCP §415.20(b).

**III.    DISCUSSION**

In the case at hand, Plaintiffs failed to effect service within 120 days in accordance with Fed.R.Civ.P. 4(m). Furthermore, Plaintiffs did not provide good cause in asking leave for an extension to serve the new named Defendants. However, given that all the new named Defendants have now been served and there is no apparent prejudice, the Court chooses to exercise its discretion pursuant to Fed.R.Civ.P. 4(m) and extend the time to effect service to November 30, 2009.  In re Sheehan, 253 F.3d at 513 ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice."). The Court prefers to adjudicate this matter on the merits, conserving resources that would otherwise be spent on continuing attempts at effecting service.

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED THAT:

1.   Defendants' Motion to Dismiss for Failure to Serve is DENIED.

2.   A case management conference is scheduled for **February 3, 2010, at 3:30p.m**.  The parties shall **meet and confer** prior to the conference and shall prepare a joint, updated CMC Statement which shall be filed no later than ten (10) days prior to the CMC that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: _12/24/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge