**\*\*E-filed 06/21/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES GILLIS, et al., | No. C 08-3871 RS |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO SEVER AND DENYING MOTION TO BIFURCATE AND STAY** |
| CITY AND COUNTY OF SAN FRANCISCO, et al. | |
| Defendants. | |

Plaintiffs filed this action contending their civil rights were violated when they were arrested by San Francisco Police officers on the night of July 27, 2007, as suspects in a robbery that had just taken place nearby. Plaintiffs subsequently filed an amended complaint that adds police officer Juan Gala as a defendant and alleges that he unlawfully detained and searched plaintiffs on three occasions *other* than July 27, 2007. It is undisputed that Officer Gala was not present at, and did not participate in, the July 27th arrest. The claims against Officer Gala are set out in three "causes of action" that were simply appended to what had been alleged in the prior complaint; there are no allegations that in any way tie those claims or those alleged events to the July 27th arrest.

Defendants move to sever the claims against Officer Gala. The motion is granted. Rule 20(b)(2) of the Federal Rules of Civil Procedure governs the joinder of multiple defendants in one action. It requires that the claims against all defendants arise "out of the same transaction,

occurrence, or series of transactions or occurrences." Plaintiffs' argument that the conduct of officer Gala is part of a "pattern" of unlawful police conduct in common with the events of July 27, 2007 is insufficient to support the joinder, particularly given that the complaint does not allege facts to support the existence of any such pattern. Accordingly, the 13th, 14th, and 15th claims for relief (denominated as "causes of action" in the amended complaint) are hereby severed. The Clerk is directed to open a new file entitled <u>Charles Gillis, et al. v. Juan Gala</u>, and to file a copy of the amended complaint and this order therein. The new action shall be randomly assigned, as there is no basis to find it to be a related case to this one.

Defendants further move to bifurcate the *Monell* claims[1] in this action and to stay discovery thereon. Although similar motions have been granted in this Court, defendants have failed to make a compelling showing that such bifurcation at this juncture would serve the interests of justice and efficient case management. Accordingly, the motion to bifurcate and stay is denied.

IT IS SO ORDERED.

Dated: 06/21/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

2