**\*\*E-filed 10/25/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES GILLIS, et al., | No. C 08-3871 RS |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO, et al. | |
| Defendants. | |

Based on alleged prior conflicts between counsel for plaintiffs and members of the City Attorney's office in other litigation matters, defendants move for a protective order requiring that depositions in this action be held at City Hall or the courthouse, inside a security check point. Plaintiffs oppose, contending that the prior circumstances have been misrepresented, and that there has been no similar tension between counsel in this action in any event.

Without deciding whether there is any *objectively* reasonable concern on the part of the City Attorney's office to support the relief it seeks, it appears that it would minimize peripheral and unnecessary disputes, and facilitate resolution of the merits of this action, to require that depositions


take place in the courthouse. Plaintiffs have not identified any prejudice to them that would arise from such a requirement; indeed it may even save them some costs. Accordingly, good cause appearing, defendants' motion is granted. The parties shall contact the Courtroom Deputy to make arrangements to use the courtroom or an attorney conference room for depositions. No stigma shall attach to plaintiffs' counsel by virtue of entry of this order; the allegations made against him in this motion have not been found to have merit. The City Attorney's order shall not cite this order in any subsequent application it may make for similar relief against plaintiffs' counsel in any other action.

IT IS SO ORDERED.

Dated:  October 25, 2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California